IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KINDI SHEPARD, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DEUTSCHE BANK NATIONAL TRUST § <br> COMPANY AS TRUSTEE FOR THE § <br> REGISTERED HOLDERS OF MORGAN § <br> STANLEY ABS CAPITAL I INC., TRUST § <br> 2007-NC4 MORTGAGE PASS THROUGH § <br> CERTIFICATES, SERIES 2007-NC4, § <br> § <br> Defendants. § | CASE NO. 3:22-cv-00081 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc., Trust 2007-NC4 Mortgage Pass Through Certificates, Series 2007-NC4 ("***Deutsche Bank***") hereby gives notice of the removal of the state court civil action described below. As grounds for the removal, Deutsche Bank respectfully states the following:

### I. INTRODUCTION

1. Plaintiff Kindi Shepard filed her Original Petition on March 3, 2020 styled as Cause No. 107113-CV, *Kindi Shepard v. Deutsche Bank National Trust Company,* in the 149th Judicial District Court of Brazoria County, Texas (the "***Complaint***").

2. In the Complaint, Plaintiff asserted claims based on purported issues with the servicing of her mortgage loan secured by the real property located at 14101 Tremont Park Court, Rosharon, Texas 77583 (the "***Property***"). Plaintiff specifically asserted claims for breach of contract, violations of the Texas Debt Collection Act, violations of the Deceptive Trade Practices

Act, unreasonable collection efforts, violation of the Real Estate Settlement Procedures Act, promissory estoppel, negligent misrepresentation, gross negligence, breach of the duty of cooperation, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Deutsche Bank are attached, marked as composite **Exhibit A,** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

4. To-date, Deutsche Bank has not been served. Therefore, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely.[1]

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. Complete diversity exists.**

6. Complete diversity exists because Plaintiff and each defendant are citizens of different states. Plaintiff is a resident of Brazoria County, Texas and is considered a citizen of Texas.[2] Deutsche Bank is a national banking association and trustee of a mortgage-securitization

---

[1] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[2] *See* Complaint, ¶2; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

trust. When a trustee is the real party in interest to the suit, its citizenship controls for purposes of diversity jurisdiction.[3] A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office as set forth in its articles of association.[4] Deutsche Bank's main office as designated in its articles of association is in California. Accordingly, Deutsche Bank is a citizen of California for diversity purposes.

7. Because Plaintiff is a citizen of Texas and Defendant is a citizen of California, there is complete diversity among the parties.

**B. The amount in controversy exceeds $75,000.00.**

8. In the Complaint, Plaintiff seeks injunctive relief preventing the foreclosure of the Property.[5] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[6]

9. When the object of a mortgagor's litigation is the protection of his or her entire property, the fair market value of the property is the proper measure of the amount in controversy.[7] In this instance, the value of the Property is at least $326,040.[8] Therefore, the amount in controversy exceeds $75,000.00 based on the value of the relief Plaintiff seeks in her Complaint.

**V. ADDITIONAL BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

10. Removal is also proper because this case is a civil action involving a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. In the

---

[3] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980).
[4] *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348).
[5] *See* Complaint, ¶ 73-78.
[6] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[7] *Id.*
[8] *See* Brazoria County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the records of the Brazoria County Appraisal District because they are public records and the information is readily ascertainable and the source— the Brazoria County Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

Complaint, Plaintiff asserted that Deutsche Bank violated several federal statutes, including 12 C.F.R § 1024.41(g) and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f).[9]

11. This Court has supplemental jurisdiction over Plaintiff's state-law claims. In cases where the court has federal-question jurisdiction over at least one claim, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[10]

## VI. VENUE

12. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Galveston Division, because this district and division includes Brazoria County, Texas—the location of the pending state court action.[11]

## VII. ADDITIONAL REQUIREMENTS

13. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Brazoria County, Texas.

14. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Deutsche Bank respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

15. Plaintiff did not demand a jury trial in the Complaint.

---

[9] *See* Complaint, ¶ 31-49.
[10] *See* 28 U.S.C. § 1367(a)
[11] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(1) (stating that the Galveston Division of the Southern District includes Brazoria County).

**WHEREFORE**, having satisfied the requirements for removal, Deutsche Bank gives notice that Cause No. 107113-CV, originally filed in the 149th Judicial District Court of Brazoria County, Texas, has been removed to this Court.

>Respectfully submitted,
>
>By: */s/ Greg DeVries*
>**EMILY STROOPE**
>State Bar No. 24070692
>**MCGLINCHEY STAFFORD**
>Three Energy Square,
>6688 North Central Expressway, Suite 400,
>Dallas, Texas 75206
>Telephone : (214) 445-2445
>Facsimile: (214) 445-2450
>estroope@mcglinchey.com
>
>**GREG DEVRIES**
>State Bar No. 24105802
>**MCGLINCHEY STAFFORD**
>1001 McKinney, Suite 1500
>Houston, Texas 77002
>Telephone : (713) 520-1900
>Facsimile: (713) 520-1025
>gdevries@mcglinchey.com
>
>***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE AND NOTICE OF FILING

I certify that on March 10, 2022, this Notice of Removal was sent to the District Clerk of Brazoria County, Texas, and that written notice of filing of the Notice of Removal was served via email and/or via certified mail/return receipt requested upon the counsel for Plaintiff.

>*/s/ Greg DeVries*
>**GREG DEVRIES**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

***<u>Via E-mail and/or Via the ECF Notification</u>***
Robert C. Vilt
Kerry Prisocl
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
clay@viltlaw.com
kerry@viltlaw.com

***Attorneys for Plaintiff***

                                                      */s/ Greg DeVries*
                                                     **GREG DEVRIES**