United States District Court
Southern District of Texas

**ENTERED**

April 17, 2023
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:22-cv-81

KINDI SHEPARD, *PLAINTIFF*,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC., TRUST 2007-NC4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-NC4, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is Deutsche Bank National Trust Company's motion for summary judgment. Dkt. 13. The court grants the motion.

## I. Background

This case arises out of a mortgage dispute. In 2006, Kindi Shepard signed an adjustable-rate-balloon note with an original principal amount of $215,842.00. Dkt. 14-2 at 2. She agreed to make monthly payments on the note of $1,576.25. *Id.* at 3. Along with her husband, Ronnie Shepard, she signed a deed of trust in favor of the lender, Network Funding, L.P., securing

payment of the note. Dkt. 14-3. The deed encumbered a description of real property in Rosharon. *Id.* at 4. Deutsche Bank became the owner and holder of the note and deed of trust. Dkts. 13 at 3; 14-5 at 2. Ocwen Loan Servicing, LLC, serviced the loan until 2019, when Ocwen merged with PHH Mortgage Corporation. *Id.* PHH serviced the loan after the merger. *Id.*

According to Deutsche Bank, Shepard "regularly and routinely failed to make timely payments pursuant to the terms of the Loan." *Id.* Deutsche Bank foreclosed on Shepard in 2012, but ultimately rescinded and signed a loan-modification agreement. Dkts. 13 at 3–4; 14-5. A second loan-modification agreement followed in 2016 after more missed payments. Dkts. 13 at 4; 14-6. Still, Deutsche Bank alleges, Shepard continued to fail to make required monthly payments. Dkt. 13 at 4. Consequently, Ocwen sent Shepard a notice of default by certified mail dated March 30, 2018, demanding payment of $9,373.35 on or before May 6, 2018. Dkt. 14-7. The notice warned Shepard that it would accelerate and foreclose on the property if she did not make the payment. *Id.* Deutsche Bank presents evidence that Shepard failed to do so. Dkt. 14-1 at 4.

Ocwen sent Shepard a final notice of default by certified mail dated April 5, 2019, demanding payment of $37,295.66 on or before May 12, 2019, to cure the default. Dkts. 13 at 5; 14-8. This notice also warned of future

acceleration and foreclosure. *Id.* Shepard failed to make the necessary payment but did apply for additional mortgage assistance. Dkts. 13 at 5; 14-1 at 4. PHH entered Shepard into a trial-period plan requiring her to make a series of timely payments from December 2019 to February 2020. Dkts. 13 at 5; 14-1 at 4; 14-9. Shepard did not make the first required payment and applied for another loan modification. Dkts. 13 at 5; 14-1 at 4; 14-10. Ocwen denied the application and prepared to foreclose, sending by certified mail a notice of acceleration and a notice of sale. Dkts. 13 at 5–6; 14-10; 14-11.

On March 3, 2020, Deutsche Bank purchased the property at the noticed foreclosure sale. Dkts. 13 at 6; 14-12. Shepard filed an original petition in the 149th District Court that same day, seeking a temporary restraining order to prevent the sale. Dkt. 1-1 at 7. She also sought damages based on numerous causes of action: breach of contract, violations of the Texas Debt Collection Act (TDCA), violations of the Texas Deceptive Trade Practices Act (DTPA), violations of the Real Estate Settlement Procedures Act (RESPA), breach of the common-law tort of unreasonable collection efforts, promissory estoppel, negligent misrepresentation/gross negligence, breach of the duty of cooperation, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress. *Id.*

Shepard's petition instructed that service should be effectuated on a Deutsche Bank agent in New York. Dkt. 1-1 at 7. The Brazoria County District Clerk attempted to complete service on Deutsche Bank by sending certified mail to "Deutsche Bank c/o Corporate Officer" at the New York address provided by Shepard. Dkt. 1-1 at 121. When Deutsche Bank failed to respond to her suit, Shepard filed a motion for default judgment that the district court granted on June 2.[1] *Id.* at 126. Deutsche Bank appealed, and on April 22, 2021, Texas' Twelfth Court of Appeals reversed on the grounds that Shepard failed to properly effectuate service.[2] *Id.* at 170. Despite Shepard's ongoing failure to effectively serve process, Deutsche Bank filed an answer on March 10, 2022, "because the open case may have impacted Deutsche Bank's ability to market the Property." Dkt. 13 at 6. On the same day, Deutsche Bank removed to this court. Dkt. 1. On January 13, 2023, Deutsche Bank filed a motion for summary judgment. Dkt. 13. Shepard timely responded. Dkt. 15.

---

[1] Deutsche Bank became aware of this suit after a Dallas County constable attempted to levy a writ of execution at the offices of Deutsche Bank Securities, Inc. Dkt. 1-1 at 171.

[2] The court noted that Shepard failed to follow the necessary statutory procedures for serving citation on a financial institution. Dkt. 1-1 at 173–74. The court also noted that Deutsche Bank's corporate office is in California, not New York. *Id.* at 173.

## II.   Legal Standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). For each cause of action moved on, the movant must set forth those elements for which it contends no genuine dispute of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when the nonmoving party has failed "to address or respond to a fact raised by the moving party and supported by evidence," then the fact is undisputed. *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb.

28, 2017). "Such undisputed facts may form the basis for summary judgment." *Id.*

## III.  Analysis

### A. Statute of Limitations

Deutsche Bank has moved for summary judgment on Shepard's TDCA, DTPA, unreasonable-collections, negligence, gross-negligence, and intentional-infliction-of-emotional-distress claims, arguing that the applicable two-year statute of limitations bars these claims because Shepard failed to serve Deutsche Bank with process. Dkt. 13 at 9.

"When a plaintiff files a petition within the limitations period but does not serve the defendant until after the period expires, the filing of a lawsuit alone does not interrupt the running of limitations." *Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App.—Dallas 2001, no pet.) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)). The plaintiff must exercise due diligence in issuance and service of citation. *Murray*, 800 S.W.2d at 830. "Once a defendant has affirmatively [pleaded] the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff 'to explain the delay.'" *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (quoting *Murray*, 800 S.W.2d at 830). "Thus, it is the plaintiff's burden to present evidence regarding the

efforts that were made to serve the defendant." *Id.* And while the plaintiff's exercise of due diligence in obtaining the issuance and service of citation "is usually a fact issue," a "lack of diligence will be found as a matter of law" where "no excuse is offered for a delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence." *Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App.—Dallas 2009, no pet.).

Deutsche Bank pleaded the limitations defense in its answer.[3] Dkt. 1-1 at 182. In its motion for summary judgment, it argues that a two-year statute-of-limitations applies to Shepard's TDCA, DTPA, unreasonable-collections, negligence, gross-negligence, and intentional-infliction-of-emotional-distress claims. *See* Dkt. 13 at 9 n.39–43. Deutsche Bank argues that, at the latest, these claims accrued on March 3, 2020. *Id.* at 9. And since Shepard has never served Deutsche Bank, it argues the limitations period has run. *Id.* Accordingly, the burden shifts to Shepard "to explain the delay." *Proulx*, 235 S.W.3d at 216. But Shepard's response to the motion for summary judgment

---

[3] The court acknowledges that "the filing of an answer dispenses with the necessity of service of citation." *Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999). "Yet, filing an answer does not waive defects in service when those defects are being alluded to in effort to show that the applicable limitations period expired." *Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 917 (Tex. App.—Amarillo 2004, no pet.).

ignores Deutsche Bank's statute-of-limitations argument and provides no explanation for its failure to effect service. *See* Dkt. 15. Accordingly, the court finds that the limitations period has run on the DTPA, unreasonable-collections, negligence, gross-negligence, and intentional-infliction-of-emotional-distress claims, entitling Deutsche Bank to summary judgment.[4] Nevertheless, the court declines to grant summary judgment on the TDCA claim on limitations grounds.[5]

### B. Breach-of-Contract Claim

Deutsche Bank has moved for summary judgment on Shepard's breach-of-contract claim. Dkt. 13 at 10. Under Texas law, a breach-of-contract claim requires a party to establish the following elements: "(1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained

---

[4] The court agrees that a two-year limitations period applies to these claims. *See* Tex. Bus. & Com. Code § 17.565; Tex. Civ. Prac. & Rem. Code § 16.003; *Duzich v. Marine Office of America Corp.*, 980 S.W.2d 857, 872 (Tex. App.—Corpus Christi–Edinburg 1998, pet. denied).

[5] Courts appear to disagree on whether a two-year or four-year limitations period attaches to TDCA claims. *Compare Nationstar Mortg. LLC v. Barefoot*, 654 S.W.3d 440, 447–48 (Tex. App.—Houston [14th Dist.] 2021, no pet.), *with Williams v. PHH Mortg. Corp.*, 604 F. Supp. 3d 552, 554–56 (S.D. Tex. 2022). Because the TDCA claim fails independently of Deutsche Bank's limitations argument, the court declines to grant summary judgment on those grounds.

damages as a result of the defendant's breach." *Atrium Med. Ctr., LP v. Houston Red C LLC*, 546 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 2017), *aff'd*, 595 S.W.3d 188 (Tex. 2020).

Deutsche Bank argues it satisfied the deed of trust's requirements related to providing notices of default and sale before foreclosure and that "there is simply no evidence that Deutsche Bank breached the terms of the Note or Deed of Trust." Dkt. 13 at 10–11. Deutsche Bank points to the notices of default sent to Shepard, which hewed to the requirements contained in the deed of trust. *Id.* The notices explained that she had defaulted, provided the payment amount required to cure the default, offered her more than thirty days to cure the default, and explain that default could result in acceleration. Dkts. 13 at 11; 14-1 at 3–4; 14-7; 14-8. Deutsche Bank also provides evidence it acted in accordance with Texas law—as required by the deed of trust—by mailing a notice of sale to Shepard by certified mail at least 21 days before the sale. Dkts. 13 at 11; 14-1 at 4; 14-11.

In response, Shepard fails to produce any evidence indicating that Deutsche Bank breached the contract. Instead, Shepard merely cites cases supporting her observations that "a mortgage lender may have post-default contract obligations that create a cause of action despite the borrower's default" and that default does not fully excuse the performance of the non-

defaulting party. Dkt. 15 at 2–3. She argues she may "maintain her breach[-]of[-]contract action even if [she] defaulted." *Id.* at 3. While these statements may be true, they fall short of Shepard's obligation "in response to [a] motion[] for summary judgment . . . to present evidence—not just conjecture and speculation." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994). Shepard does not present any evidence creating a genuine issue of material fact as to any element of the breach-of-contract claim. Accordingly, Deutsche Bank is entitled to summary judgment.

### C. TDCA Claims

The TDCA prohibits a debt collector from threatening to sell a property at a foreclosure sale in violation of state law; using a fraudulent, deceptive, or misleading representation regarding the character, extent, or amount of a consumer debt; misrepresenting the status or nature of the services rendered by the debt collector; or using other false representations or deceptive means to collect a debt. Tex. Fin. Code. §§ 392.301–304. Shepard claims that Deutsche Bank violated the TDCA by seeking to sell the property at a foreclosure sale without giving proper notice and making misleading representations regarding the servicing and collection of her debt. Dkt. 1-1 at 9.

Deutsche Bank argues it is entitled to summary judgment because the

evidence demonstrates it provided the necessary pre-foreclosure notices to Shepard and that it had the right to threaten foreclosure after Shepard defaulted on her mortgage. Dkts. 13 at 11–12; 14-1 at 4; 14-7; 14-8; 14-9; 14-11. Deutsche Bank also says that Shepard has identified no misleading or false representations it made during the foreclosure process. Dkt. 13 at 12–13.

Shepard responds that she "bases her TDCA claim on [Deutsche Bank] foreclosing in committing fraud," and that "Texas state law is sufficient to state a claim under the TDCA." Dkt. 15 at 3. But in response to a properly supported motion for summary judgment, more is required of the plaintiff than simply stating a claim. *See Forsyth v. Barr*, 19 F.3d 1527, 1536–37 (5th Cir. 1994) ("When the movant has made a properly supported motion for summary judgment by demonstrating an absence of evidence to support the non-movants' case . . . the non-movants must go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks omitted). Shepard does not cite any evidence that Deutsche Bank made improper threats, misrepresentations, or false statements; wrongfully foreclosed; or that it engaged in fraud. Accordingly, Deutsche Bank is entitled to summary judgment on the TDCA claim.

### D. Unreasonable Collection Efforts

Deutsche Bank has moved for summary judgment on Shepard's common-law claim for unreasonable collection efforts. Dkt. 13 at 14–15. For the reasons explained previously, the court finds that Shepard's failure to properly serve Deutsche Bank means the statute of limitations has run on this claim. But even if the limitations period had not run, Deutsche Bank would remain entitled to summary judgment.

The elements of the common-law tort of unreasonable collection efforts "are not clearly defined[,] and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). Nevertheless, "actionable conduct under this tort has generally been described as a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Lease Acceptance Corp. v. Hernandez*, No. 13-18-00598-CV, 2020 WL 1181248, at *4 (Tex. App.—Corpus Christi–Edinburg March 12, 2020, no pet.) (internal quotation marks omitted). Shepard claims that Deutsche Bank's "course of conduct" in collecting her mortgage debt constituted an unreasonable collection effort because it did not allow her to cure the default and intentionally misled her. Dkt. 1-1 at 11. She also claims Deutsche Bank continued to assess late charges

and penalties on her account before the improper foreclosure and used deceptive means to collect a debt. *Id.* As a result, Shepard says she incurred "extreme and severe mental anguish and emotional distress resulting in loss of income and mental suffering." *Id.*

Deutsche Bank argues it is entitled to summary judgment against this claim because Shepard produces no evidence it committed any wrongful collection act. Dkt. 13 at 14–15. It also points to the note's description of late charges in the event of default. Dkts. 13 at 15; 14-2. Shepard does not appear to respond to the arguments and evidence marshaled by Deutsche Bank. Shepard also does not present any evidence of "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See Lease Acceptance Corp.*, 2020 WL 1181248 at *4. Therefore, Deutsche Bank is entitled to summary judgment on Shepard's claim for unreasonable collection efforts even if the limitations period had not run.

### E. RESPA Claim

Shepard argues that Deutsche Bank, in violation of RESPA and its implementing regulations, (1) committed "dual tracking" by pursuing foreclosure while simultaneously extending loss-mitigation options; (2) failed to properly review the plaintiff's loan-modification application; (3)

failed to provide written notices concerning the denial of a loss-mitigation application; and (4) failed to appoint a single point of contact for Shepard to obtain information about loss mitigation, modification, and foreclosure. *See* Dkt. 1-1 at 12–20; 12 C.F.R. § 1024.41 *et seq.*

Deutsche Bank argues that Shepard's claims fail as a matter of law because a loan servicer is required to comply with the applicable RESPA regulations for only the borrower's first complete loss-mitigation application. Dkt. 13 at 16; 12 C.F.R. § 1024.41(i). It presents evidence that Shepard received two previous loan modifications. Dkts. 14-5; 14-6. In response, Shepard restates RESPA's regulatory provisions and says that Deutsche Bank's "only contention is that RESPA only applies to loan servicers and, therefore, no claim or cause of action can be asserted against [Deutsche Bank]." Dkt. 15 at 5. Shepard argues that Deutsche Bank can be held liable for the acts of its mortgage servicer, PHH. *Id.*

The applicable regulation provides:

A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application.

12 C.F.R. § 1024.41(i).

Deutsche Bank presents uncontradicted evidence that Shepard

submitted previous loss-mitigation applications, and that she continued in delinquency after submitting those applications. Dkts. 14-1 at 3–4; 14-5; 14-6; 14-7; 14-8; 14-9. In response, Shepard presents no evidence that her loan ever became non-delinquent, or of any other facts that might support her RESPA claim. Instead, she merely discusses the content of several RESPA regulations—without connecting them to her own case—and responds to an argument about vicarious liability that Deutsche Bank never made. Dkt. 15 at 4–5. This cannot create a genuine issue of material fact sufficient to survive a motion for summary judgment. Deutsche Bank's motion is granted as to the RESPA claim. *See Reyes v. Plainscapital Bank*, No. 7:20-cv-00015, 2020 WL 6551164, at *5 (S.D. Tex. Nov. 6, 2020); *Butler v. Colonial Savings, F.A.*, No. 4:18-CV-2491, 2019 WL 3842771, at *4 (S.D. Tex. Aug. 15, 2019) (both granting summary judgment on a RESPA claim under similar circumstances).

### F. Promissory Estoppel

Under Texas law, "the requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Additionally, "promissory estoppel requires that the agreement that is the subject of the promise must comply

with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010). And "a loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02. Shepard claims that Deutsche Bank promised her it would accept a loan modification "beyond the initial[ly] allotted time." Dkt. 1-1 at 20.

Deutsche Bank argues it is entitled to summary judgment because Shepard has not produced any written agreement related to her mortgage that Deutsche Bank promised to sign, violating the statute of frauds. Dkt. 13 at 17. Deutsche Bank also argues that Shepard has failed to introduce evidence establishing any other elements of a promissory-estoppel claim and that promissory estoppel is unavailable when an express contract covers the subject matter of the dispute. *Id.* at 17–18. In response, Shepard argues that the statute of frauds is irrelevant, "since the topic is a separate stand-alone agreement for which there was a meeting of the minds and consideration was given" and that she "has pled the required elements for promissory estoppel." Dkt. 15 at 6.

Again, in response to a properly supported motion for summary

judgment, a plaintiff must do more than simply plead the required elements of a claim. *Forsyth*, 19 F.3d at 1536–37. Shepard does not direct the court to any evidence supporting her promissory-estoppel claim, including any evidence that Deutsche Bank ever made a promise to accept a new loan modification. Moreover, the court agrees with Deutsche Bank that Shepard's claim is barred as a matter of law by the statute of frauds because Shepard has produced no evidence that Deutsche Bank promised to sign a written loan-modification agreement. *See Stolts v. Wells Fargo Bank, NA*, 31 F. Supp. 3d 876, 881 n.4 (S.D. Tex. 2014). Accordingly, Deutsche Bank is entitled to summary judgment.

### G. Negligent-Misrepresentation/Gross-Negligence Claim

Deutsche Bank has moved for summary judgment on Shepard's negligent-misrepresentation and gross-negligence claims. Dkt. 13 at 18–19. For the reasons explained previously, the court finds that Shepard's failure to properly serve Deutsche Bank means the statute of limitations has run on these claims. However, even if the limitations period had not run, Deutsche Bank would remain entitled to summary judgment.

Under Texas law, a negligent-misrepresentation cause of action has four elements: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2)

the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002). Shepard claims that Deutsche Bank's communications about the status of her mortgage loan constituted a negligent misrepresentation. Dkt. 1-1 at 20–21.

Deutsche Bank argues it is entitled to summary judgment because the only alleged misrepresentation Shepard identifies is Deutsche Bank's promise "to accept a loan modification beyond the initial[ly] allotted time." Dkt. 13 at 19. But promises related to future conduct as opposed to misstatements of existing fact are not actionable as negligent misrepresentations. *Id.* Deutsche Bank also notes that Shepard only alleges economic loss arising from her contract, preventing her from seeking relief on a negligence theory sounding in tort. *Id.* at 20. In response, Shepard argues that her pleadings demonstrate that Deutsche Bank reneged on an offer related to a loan-modification review and an appeal. Dkt. 15 at 6–7. She also claims that

> "the facts further show that [Deutsche Bank] never intended to fulfill those promises as is reflected by [its] failure to apologize (fraud) or [it] was negligent in offering the loan modification review in the first place since, when it came time for [it] to

perform, [it] lacked the resources to accomplish the task.
*Id.*

Shepard has produced no evidence creating a genuine issue of material fact as to her negligent-misrepresentation claim. To the extent she argues that Deutsche Bank's alleged statements about some future loan-modification-and-appeal agreement amounted to a negligent misrepresentation, those claims are barred as a matter of law because they relate to future conduct. *See Stolts*, 31 F. Supp. 3d at 882 n.5. Shepard's complaint also speaks of a "failure to use reasonable care in communicating the correct status of [Shepard's] mortgage loan." Dkt. 1-1 at 21. It's unclear if this refers to a different statement allegedly made by Deutsche Bank, and Shepard does not clarify in response to Deutsche Bank's motion for summary judgment.[6] Still, Shepard presents no evidence of this statement, or of any other facts that could support a negligent-misrepresentation claim. And without evidence supporting a negligence theory, Shepard's gross-negligence claim must also fail. *See Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 174 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("A finding of ordinary

---

[6] Deutsche Bank's motion argues that "the only alleged misrepresentation Plaintiff includes in her Complaint is her allegation that Deutsche Bank promised 'to accept a loan modification beyond the initial allotted time.'" Dkt. 13 at 19. Shepard does not dispute this characterization in her response.

negligence is prerequisite to a finding of gross negligence."). Consequently, Deutsche Bank is entitled to summary judgment on the negligent-misrepresentation and gross-negligence claims.

### H. Breach of Duty of Cooperation

 "The duty to cooperate is a 'promise that a party will not do anything to prevent or delay the other party from performing the contract.'" *Dick v. Colo. Hous. Enters, L.L.C.*, 780 F. App'x 121, 124 (5th Cir. 2019) (per curiam) (quoting *Tex. Nat'l Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 698 (5th Cir. 1989)). Shepard claims that Deutsche Bank violated this duty by misleading her with false representations about her loan and failing to give her complete information. Dkt. 1-1 at 22.

Deutsche Bank argues it is entitled to summary judgment because Shepard never specifies what information it supposedly withheld from her. Dkt. 13 at 20–21. Accordingly, Deutsche Bank maintains, it did not violate any duty of cooperation. *Id.* In response, Shepard argues that "based on the relevant facts as set forth in Plaintiff's Original Petition," Deutsche Bank violated the duty of cooperation by failing to provide her with "the accurate information needed to properly perform the obligations of the Loan." Dkt. 15 at 7.

In response to a properly supported motion for summary judgment,

Shepard must do more than simply point to the facts she pleaded in her petition. *See Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994). She must produce evidence creating a genuine issue of material fact that Deutsche Bank owed and violated a duty of cooperation. *Id.* As Shepard has produced no such evidence and relied only on her complaint, Deutsche Bank is entitled to summary judgment.

## I. Breach of Fiduciary Duty

"To recover on a breach of fiduciary duty claim, a plaintiff must prove that (1) a fiduciary relationship existed between the plaintiff and the defendant, (2) the defendant breached his or her fiduciary duty to the plaintiff, and (3) the defendant's breach resulted in an injury to the plaintiff or a benefit to the defendant." *Adam v. Marcos*, 620 S.W.3d 488, 507 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). Shepard claims that a fiduciary relationship existed with Deutsche Bank under the loan documents requiring the lender to act in the borrower's best interest and that it breached that duty when it refused to account for funds received from Shepard at her request. Dkt. 1-1 at 22.

Deutsche Bank argues that, as a matter of law, the relationship between a mortgagor or a loan servicer and a mortgagee is not a fiduciary one. Dkt. 13 at 21. Accordingly, Shepard's claim must fail. *Id.* Additionally, Deutsche

Bank contends that Shepard has produced no evidence "that Deutsche Bank failed to account for any specific funds tendered by" her. *Id.* at 22. In response, Shepard argues that because "lenders receive funds from their borrowers on a regular basis" and "are required to properly allocate and account for those funds," they owe borrowers a fiduciary duty. Dkt. 15 at 7. She also relies on the facts pleaded in her complaint. *Id.*

The court agrees that the breach-of-fiduciary-duty claim fails as a matter of law. In Texas, there is generally no fiduciary duty owed between mortgagors and mortgagees. *Jordan v. U.S. Bank Home Mortg.*, 820 F. App'x 314, 315 (5th Cir. 2020) (per curiam). Moreover, Shepard presents no evidence of Deutsche Bank's conduct that would constitute a breach. So Deutsche Bank is entitled to summary judgment.

### J. Breach of Duty of Good Faith and Fair Dealing

Deutsche Bank has moved for summary judgment on Shepard's claim for breach of the duty of good faith and fair dealing. Dkt. 13 at 22. "The duty of good faith and fair dealing merely requires the parties to 'deal fairly' with one another and does not require the high standard of trust present in a fiduciary relationship." *Herrin v. Med. Protective Co.*, 89 S.W.3d 301, 308 (Tex. App.—Texarkana 2002, pet. denied). Shepard claims Deutsche Bank breached when it promised not to foreclose until it reviewed her loan-

modification application. Dkt. 1-1 at 23.

Deutsche Bank argues it is entitled to summary judgment because Texas law does not recognize a duty of good faith and fair dealing within the mortgagor-mortgagee relationship. Dkt. 13 at 22. In response, Shepard argues that a special relationship giving rise to such a duty exists and that "as with all other contractual relationship[s]," the parties here had a duty to operate in good faith and deal fairly. Dkt. 15 at 7. Shepard relies on the facts pleaded in the complaint in arguing that Deutsche Bank breached this duty. *Id.* The court agrees with Deutsche Bank that it owed no duty of good faith and fair dealing in this context. *See Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 731 (E.D. Tex. 2011). Consequently, Deutsche Bank is entitled to summary judgment.

### K. DTPA Claim

For the reasons explained previously, the court finds that Shepard's failure to properly serve Deutsche Bank means the statute of limitations has run on this claim. However, even if the limitations period had not run, Deutsche Bank would remain entitled to summary judgment.

To prevail on a DTPA claim, a plaintiff must show "(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) the deceptive acts constituted a producing cause of the consumer's

damage." *Gallegos v. Quintero*, No. 13–16–00497–CV, 2018 WL 655539, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 1, 2018, pet. denied) (mem. op.). Shepard claims that Deutsche Bank committed DTPA violations by "the same improper conduct discussed above in Plaintiff's TDCA claims." Dkt. 1-1 at 10.

Deutsche Bank argues it is entitled to summary judgment because borrowers of money are not considered consumers within the meaning of the DTPA. Dkt. 13 at 13. In response, Shepard points the court to the Fifth Circuit's opinion in *McCaig v. Wells Fargo Bank (Texas), N.A.* 788 F.3d 463 (5th Cir. 2015). Shepard does not otherwise respond to Deutsche Bank's arguments that she is not a consumer. The court finds that Deutsche Bank is entitled to summary judgment because, as a matter of law, Shepard is not a consumer within the meaning of the DTPA. *See Gossett v. Fed. Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852, 861 (S.D. Tex. 2013) ("A person who seeks only to borrow money is not a consumer under the DTPA because money is not a good or service.") (quoting *Brown v. Bank of Galveston, Nat. Ass'n*, 930 S.W.2d 140, 143 (Tex. App.—Houston [14th Dist.] 1996), *aff'd*, 963 S.W.2d 511 (Tex.1998)). Moreover, the *McCaig* case hinges on TDCA claims, not the DTPA, and discusses how courts have applied the economic-loss rule in both contexts. It is not relevant to the disposition of Shepard's DTPA

claim.

### L. Intentional Infliction of Emotional Distress

Deutsche Bank has moved for summary judgment on Shepard's intentional-infliction-of-emotional-distress claim. Dkt. 13 at 23. For the reasons explained previously, the court finds that Shepard's failure to properly serve Deutsche Bank means the statute of limitations has run on this claim. However, even if the limitations period had not run, Deutsche Bank would remain entitled to summary judgment.

Under Texas law, the elements of an intentional-infliction-of-emotional-distress claim are that "(1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (numbering altered). Shepard claims she "endured stress, anxiety, and loss of sleep as a result of" Deutsche Bank's misconduct. Dkt. 1-1 at 23.

Deutsche Bank argues it is entitled to summary judgment because Shepard has produced no evidence supporting any of the elements of the claim. Dkt. 13 at 23. Shepard does not appear to respond to these arguments. The court agrees that Shepard has created no genuine issue of material fact

as to any element of her intentional-infliction-of-emotional-distress claim, entitling Deutsche Bank to summary judgment.

*     *     *

For the reasons stated above, the court grants Deutsche Bank's motion for summary judgment. Dkt. 13. All other pending motions are denied as moot. The court will enter final judgment separately.

Signed on Galveston Island this 17th day of April, 2023.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE